

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 18, 1947

Hon. T. B. Warden, Member
State Board of Control
Austin, Texas

Opinion No. V-460

Re: The legality of the construction of cottages, duplexes and small apartments for employees of the Rusk State Hospital, from funds appropriated for "employees' dormitory and equipment."

Dear Sir:

We quote your request for an opinion, dated November 5, as follows:

"In Senate Bill No. 374, 50th Legislature of Texas, Regular Session, at Item 54 for the Rusk State Hospital, an appropriation of thirty-five thousand dollars ($35,000.00) is made for 'Employees' Dormitory and Equipment'.

"Considering the present cost of construction, it would be impossible to construct a fireproof dormitory for such sum of money. Also, the present need for housing facilities for employees at the Rusk State Hospital is so urgent that delay in construction of facilities of some sort may result in handicapping eleemosynary service at such institution.

"In view of the above factors, we urgently request an opinion of your department to the question whether the amount of thirty-five thousand dollars ($35,000.00) provided for in said item 54 may be spent for the construction of cottages, duplexes and small apartments and thereby provide more and better accommodations for the employees of the Rusk State Hospital."

Since your particular appropriation is unquestionably specific as to purpose, as required by Art. VIII, Sec. 6 of the Constitution, being for an "employees' dormitory and equipment", the sole question is whether your proposal to construct cottages, duplexes, or small apartments for employees would come within the definition of a "dormitory".

Webster's New International Dictionary, Second Edition, defines a "dormitory" as follows:

"A sleeping room, or a building containing a series of sleeping rooms; a sleeping apartment capable of containing many beds, esp. one connected with a college, boarding school, monastery, etc."

We find no definitive statements in the Texas cases, but the foregoing definition was adopted in Russell v. Trustees of Purdue University, 168 N. E. 529, 201 Ind. 367.

It will be seen from this definition that the principal purpose of the housing unit or accommodation should be to provide sleeping facilities. Other than that, there is a rather large latitude.

We interpret the language "employees' dormitory" as authorizing only the construction of an employees' apartment building or a dormitory or like structure. So long as it is a unit, and so long as the structure or building is constructed to accommodate employees for living purposes, it would appear to come within the definition of a "dormitory". The construction of several disjoined or separate cottages, duplexes or small apartments in separate structures would appear to be a departure from the specific appropriation. We think the Legislature has indicated its intent that the housing accommodation be a single unit rather than several smaller housing units.

## SUMMARY

An appropriation for an "employees' dormitory and equipment" does not grant authority to build several cottages, duplexes, or small apartments, in separate structures; but such funds might be used

only to construct an employees' apartment house, dormitory or like structure.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Dean J. Capp*
Dean J. Capp
Assistant


APPROVED

*Price Daniel*
ATTORNEY GENERAL


DJC:jmc:jrb